UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE L. BURGESS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. RAYA et al.,<br><br>        Defendants. | Case No.: 1:11-cv-00921-LJO-JLT (PC)<br><br>ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 11 ) |

Plaintiff Dwayne L. Burgess ("Plaintiff") is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 11). On October 17, 2012, the Court dismissed Plaintiff's original complaint (Doc. 1) and granted Plaintiff leave to amend. (Doc. 8). Plaintiff filed his first amended complaint on December 10, 2012. (Doc. 11). Plaintiff names (1) E. Polanco and (2) P. Morales (collectively "Defendants") as defendants in his first amended complaint.[1] Id. at 2, ¶¶ 5-6.

As required, the Court screens Plaintiff's first amended complaint. For the reasons set forth below, the Court dismisses Plaintiff's first amended complaint with leave to amend.

**I.    SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be

---

[1] The First Amended Complaint deletes most factual support which was included in the original complaint. In part due to this, the Court finds that the complaint fails to provide adequate factual support for his legal conclusions.

1

granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II.  PLEADING STANDARDS

### A.  Federal Rule of Civil Procedure 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Id.) Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

### B.  42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that

the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). [2]

**III.    COMPLAINT**

At all times relevant to his complaint, Plaintiff was incarcerated at Kern Valley State Prison ("KVSP").[3] *See* (Doc. 11). Defendants are sued in their individual and official capacities as employees of KVSP. Id. at 2, ¶¶ 4-6.  Plaintiff states his first amended complaint as follows:

On October 27, 2008, Defendant Polanco placed Plaintiff and several other inmates in an enclosed rotunda. Id. at 4, ¶ 7; 7 ¶ 19.  Plaintiff spoke with Defendant Polanco and requested to speak with a sergeant. Id. at 4, ¶ 7.  Defendant Polanco then ordered Plaintiff to return to his cell, but Plaintiff and the other inmates refused to comply. Id. at 4-5 ¶¶ 8, 9.  Then, without any alleged provocation, Defendant Polanco threw a T-16 O.C. grenade in the rotunda where the inmates were assembled and walked away for approximately fifteen minutes. Id. at 5, ¶ 10.  The inmates remained confined in the rotunda, which subsequently filled with the "toxic gas." Id.

On an undisclosed date, Defendant Polanco charged Plaintiff with unlawful assembly based on the October 27, 2008 incident. Id. at 5, ¶ 12.  At a disciplinary hearing on the unlawful assembly charge, Defendant Morales denied Plaintiff's request for the presentation of witnesses. Id. at 6, ¶ 24. Defendant Morales found Plaintiff guilty of unlawful assembly. Id. at 5, ¶ 13.

///

///

---

[2] Plaintiff also named (1) J. Raya, (2) J. Garcia, (3) J. Fernandez, (4) D. Tarnoff, (5) Robaina, and (6) E. Rodriguez as defendants (collectively "omitted Defendants") in his original complaint. *See* (Doc. 1).  However, these defendants are not mentioned anywhere in the body of Plaintiff's first amended complaint. *See* (Doc. 11).  Thus, Plaintiff fails to state a cognizable claim against these omitted defendants in his first amended complaint.  Therefore, the first amended complaint is dismissed to the extent that Plaintiff seeks to maintain a cause of action against omitted Defendants.

[3] Plaintiff does not state the exact location of his incarceration at the time of the inciting incident.  However, given the Defendants' place of employment, it is presumed that the inciting incident occurred at KVSP.

## IV. DISCUSSION

### A. A plaintiff must demonstrate the deprivation of a liberty interest to state a cognizable claim under the Due Process Clause of the Fourteenth Amendment.

Plaintiff alleges a Fourteenth Amendment procedural due process claim against Defendants. (Doc. 11 at 4, ¶ 3). To state a cognizable, procedural due process claim, a plaintiff must allege (1) that he was deprived of a liberty or property interest protected by the Due Process Clause of the Fourteenth Amendment and (2) that the procedures attendant upon the deprivation were constitutionally insufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); *See also* McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). The Due Process Clause in of itself protects only those interests that are implicit in the word "liberty." See, e.g., Vitek v. Jones, 445 U.S. 480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental institution). A state statute or regulation, however, gives rise to a protected liberty interest if it imposes conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Although not an unfettered right, the Due Process Clause of the Fourteen Amendment grants prisoners facing disciplinary hearings the procedural right to call witnesses and present evidence in his or her defense. *See* Wolff, 418 U.S. at 566 ("[We are []] of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."). Plaintiff indicates that the disciplinary hearing was constitutionally insufficient because he alleges that Defendant Morales deprived him of his right to call witnesses. (Doc. 11 at 6, ¶ 24). Thus, Plaintiff meets the second prong needed to establish a cognizable, procedural due process claim under the Fourteenth Amendment.

Notably, however, Plaintiff fails to describe any underlying liberty interest of which he was deprived. *See generally,* (Doc. 11). Plaintiff does not aver that Defendant Morales reduced any of Plaintiff's privileges created by California state law or otherwise deprived him of a constitutional

right. *See, e.g.,* Ponte v. Real, 471 U.S. 491, 495 (recognizing that an inmate may have a "liberty" interest in the "good time" credits provided by state law). Quite simply, Plaintiff does not aver that *any* punitive action was taken against him as a result of the disciplinary hearing. Therefore, the complaint is **DISMISSED** for failure to state a cognizable claim under the Due Process Clause of the Fourteenth Amendment.

### B. Plaintiff must demonstrate that force used was excessive.

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In determining whether a prison official has used excessive force, "the core judicial inquiry . . . is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors the court may consider in making this determination include: (1) the extent of the injury; (2) the need for force; (3) the relationship between the need and the amount of force used; (4) the threat as reasonably perceived by prison officials; and (5) any efforts made by prison officials to temper the severity of a forceful response. Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

In order to maintain his excessive use of force claim against Defendant Polanco for the use of tear gas the rotunda, (Doc. 11 at 5, ¶¶ 15-17), Plaintiff is not required to allege he sustained serious injury. Hudson, 503 U.S. at 5-12. However, Plaintiff alleges only he was forced to remain in the "closed environment" for 15 minutes all the while he was "exposed to" the pepper spray fumes. Plaintiff does not aver that the concentration of these fumes was such that it caused him any discomfort whatsoever let alone any injury as a result. Thus, even when given the most liberal construction, Plaintiff's first amended complaint fails to state a cognizable claim under the Eighth Amendment. Therefore, Plaintiff's first amended complaint is **DISMISSED**.

### C. Plaintiff must indicate that a recognized First Amendment right was violated to maintain a cause of action for retaliation under 42 U.S.C. § 1983.

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state

actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 567-68). A "plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct." Harpool v. Beyer, Case No. 2:10-CV-1253 MCE GGH, 2012 WL 4038444 * 11 (E.D. Cal. 2012)(*referring to* Soranno's Gasco, Inc., v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Here, Plaintiff did not engage in any conduct protected by the First Amendment. First, Plaintiff claims Defendant Polanco used teargas in retaliation of Plaintiff's exercise of his right to complain to a sergeant concerning his confinement to the rotunda. (Doc. 11 at 4, ¶ 7). However, the Court has previously recognized that prisoners do not have a First Amendment Right to speak to a higher ranked prison official prior to undergoing a disciplinary action. Harpool v. Beyer, Case No. 2:10-CV-1253 MCE GGH, 2012 WL 4038444 * 9 (E.D. Cal. 2012)(holding that a disabled inmate had no First Amendment right to speak to a sergeant prior to being placed into administrative segregation). Plaintiff does not set forth any facts to show that he engaged in conduct protected under the First Amendment by requesting to speak to one of Defendant Polanco's superiors.

Second, Plaintiff alleges that Defendant Polanco used the "corrections disciplinary process to cover his unlawful actions [sic]." (Doc. 11 at 5, ¶ 18). In the absence of Plaintiff exercising any underlying First Amendment right or a demonstration that Defendants used excessive force, Defendant Polanco's filing of the alleged false report does not rise to the level of a constitutional violation under 42 U.S.C. § 1983. Thus, Plaintiff fails to state a cognizable claim of retaliation under the First Amendment. Therefore, Plaintiff's claim of retaliation is **DISMISSSED**.

**D. Plaintiff must aver that he experienced an actual deprivation of his constitutional rights to maintain a 42 U.S.C. § 1983 conspiracy action.**

In the context of conspiracy claims brought pursuant to section 1983, a plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). To state such a claim, a plaintiff must show (1) a meeting of the

defendants' minds to violate the plaintiff's constitutional rights, and (2) an actual deprivation of the plaintiff's constitutional rights." <u>Fearence v. Schulteis</u>, Case No. 1:08-CV-00615-LJO, 2013 WL 1314038 * 3 (E.D. Cal. 2013). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974). Each defendant is not required to know the exact details of the course of action, "but each participant must at least share the common objective of the conspiracy." <u>Fearance</u>, 2013 WL at 3 (internal citations and quotations omitted).

Here, Plaintiff appears to establish the first prong of a conspiracy action. Plaintiff avers that Defendant Polanco knowingly filed a false report against Plaintiff and Defendant Morales knowingly accepted the false report in retaliation for exercising a First Amendment right. (Doc. 11 at 5-6 ¶¶ 18-24). However, there are no facts alleged to support Plaintiff's conclusion that Morales knew the report was false. There is no indication the information in the report was facially suspect, that she received other information that called its accuracy into question or that she was ever told the report was false.

On the other hand, Plaintiff fails to plead any underlying constitutional violation necessary to meet the second requisite prong of a section 1983 conspiracy action. As indicated above, Plaintiff does not allege facts indicating that Defendants actually deprived him of any constitutional right under the First or Eighth Amendment. Thus, Plaintiff fails to state a cognizable claim for conspiracy under 42 U.S.C. § 1983 and Plaintiff's complaint is **DISMISSED.**

**E. 42 U.S.C. § 1983 claims against employees in their official capacity violate the Eleventh Amendment.**

Plaintiff has brought suit against Defendants in their official capacities. (Doc. 11 at 4, ¶ 4). However, naming an employee in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-166 (1985); <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will</u>, 491 U.S. at 71. Thus, the complaint is **DISMISSED** as to any defendant named in his or

her official capacity.

## V. LEAVE TO AMEND

The Court will provide Plaintiff one <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his second amended complaint, **<u>Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action</u>.**

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his second amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## ORDER

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The first amended complaint (Doc. 11) is **DISMISSED** for failure to state a cognizable claim**;**

2. Plaintiff is **GRANTED** 21 days from the date of service of this Order, to file a second amended complaint that addresses the deficiencies set forth in this order. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

///

///

8

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **April 18, 2013**                              **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE