UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE L. BURGESS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. RAYA, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-0921 –AWI – JLT (PC)<br><br>ORDER DISREGARDING DEFENDANTS' REQUEST FOR A SCREENING ORDER<br>(Doc. 23)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW THE SECOND AMENDED COMPLAINT AND CONSTRUING THE CORRECTED SECOND AMENDED COMPLAINT AS THE THIRD AMENDED COMPLAINT<br>(Docs. 24 and 25) |

Plaintiff Dwayne L. Burgess ("Plaintiff") is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are Defendants' request for a screening order, (Doc. 23), and Plaintiff's letter[1] to the court, (Doc. 24), which the Court construes as a "motion to withdraw the second amended complaint." Having read and considered the pleadings, and for the following reasons, the Court **DENIES** Defendants' request for a screening order and **GRANTS** Plaintiff's motion to withdraw the second amended complaint.

**I.    Request for a Screening Order**

Defendants request that the Court screen Plaintiff's second amended complaint. Defendants

---

[1] All future filings **SHALL** be styled as pleadings. All future letters **SHALL BE STRICKEN**.

1

indicate that the PLRA requires the Court to screen Plaintiff's complaint "as soon as practicable after docketing." (Doc. 23 at 2)(*citing* 28 U.S.C. § 1915A(a).  The Court is well aware of its obligation to screen Plaintiff's amended complaint under the PLRA, as demonstrated by its previous screening orders in this case. (Docs. 8 and 14).  The Court will screen Plaintiff's amended complaint in due course.

On two separate occasions, the Court advised Defendants that they need not file a responsive pleading until after – and only if – the Court finds that Plaintiff states a cognizable claim. (Docs. 5, 13).  The Court presumes counsel is being overly cautious in repeatedly filing motions <u>despite the need</u> for the Court to screen any amended complaint.  However, given the Court's prior orders, the present filing is clearly unwarranted and unnecessary and an errant effort which wastes this Court's limited resources in having to respond to it.  Therefore, Defendants' request for a screening order is **DISREGARDED**.

II.     **Plaintiff's Motion to Withdraw the Second Amended Complaint**

Plaintiff submits a letter to the Court requesting that the Court accept the "revised second amended complaint" (Doc. 25) in lieu of the previously filed second amended complaint (Doc. 21). (Doc. 24 at 2).  Plaintiff reports that on June 18, 2013, he "inadvertently mailed an incomplete draft" of his second amended complaint to the Court. <u>Id</u>.  Plaintiff seemingly noticed his error and re-submitted the complaint on two days later. <u>Id</u>.  While the present motion to withdraw was not filed with the Court until July 12, 2013, Plaintiff indicates that the United States Postal Service returned the June 20, 2013 filing to him on July 9, 2013 as undeliverable. <u>Id</u>. at 1.  Plaintiff claims to have addressed the envelope to the Court in "the same exact way it had been previously sent" and thus could reasonably assume that it would arrive at the Court on time. (Doc. 24 at 1).  Thus, it appears that Plaintiff exercised due diligence in seeking to correct his inadvertent filing.

Therefore, the Court **GRANTS** Plaintiff's motion to withdraw the second amended complaint. (Doc. 23).  The lodged corrected second amended complaint (Doc. 25) **SHALL BE CONSTRUED** as a "third amended complaint" and **SHALL** be the operative complaint in this matter.

**ORDER**

Accordingly**,** and for the aforementioned reasons, the Court **ORDERS** that:

2

1.       Defendants' Request for a Screening Order (Doc. 23) is **DIREGARDED**. Defendants SHALL NOT file any further responsive pleadings in this matter until after – and only if - the Court issues a screening order indicating that Plaintiff has stated a cognizable claim;

2.       The Court **GRANTS** Plaintiff's motion to withdraw the second amended complaint. (Doc. 23); and

3.       The lodged corrected second amended complaint (Doc. 25) **SHALL BE CONSTRUED** as the "third amended complaint" and **SHALL** be the operative complaint in this matter.

IT IS SO ORDERED.

Dated:   **July 15, 2013**                                  **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE