UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE L. BURGESS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. RAYA, et al.,<br><br>　　　　Defendant. | Case No.: 1:11-cv-00921 – LJO – JLT (PC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATION OF DISMISSAL OF CERTAIN CLAIMS<br><br>(Docs. 29) |

　　Plaintiff Dwayne L. Burgess ("Plaintiff") is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 29). On August 16, 2013, the Magistrate Judge issued a Finding and Recommendation dismissing certain claims. (Doc. 29). While the Court advised Plaintiff that he could file his objections to the Findings and Recommendations, if any, within 14 days, he has omitted to do so.

　　First, The Magistrate Judge recommended dismissal of Plaintiff's California assault claim, against Raya, Garcia, Polanco, and Fernandez, because Plaintiff failed to indicate that he believed himself to be in imminent danger at any time. (Doc. 29 at 6-7). Second, the Magistrate Judge considered that Plaintiff omitted any facts to suggest that Fernandez and Garcia possessed a retaliatory motive in acting against Plaintiff. Id. at 9. Thus, the Magistrate Judge correctly recommended dismissal of Claim IV, retaliation in violation of the First Amendment as to Fernandez and Garcia. Id. at 8-9.

1

Third, the Magistrate Judge noted that Plaintiff suffered from the serious medical conditions of asthma and bronchitis. (Doc. 29 at 10). As to Raya, Garcia, Polanco, and Fernandez, the Magistrate Judge noted that the use of pepper spray was not a *per se* violation of the Eighth Amendment and that there was no indication that these Defendants were aware of his medical condition. Id. Similarly, the Magistrate Judge considered that Robiana's and Rodriguez's alleged failure to schedule a single doctor's appointment failed to demonstrate any deliberate indifference. Id. at 11. Thus, the Magistrate Judge properly recommended dismissal of Claims V and VI against Defendants Raya, Garcia, Polanco, Fernandez, Robiana, and Rodriguez for their failure to provide adequte medical care. Id. at 9-12.

Fourth, the Magistrate Judge noted that Claim VII against Morales for violation of the Fourteenth Amendment due process clause was barred by Heck v. Humphrey, 512 U.S. 477 (1994). (Doc. 29 at 12-13). Namely, Plaintiff alleged that Morales denied Plaintiff his right to call witnesses at a disciplinary hearing that resulted in a loss of goodtime credits and privileges. Id. at 12. However, because Plaintiff failed to demonstrate that his disciplinary conviction was overturned, the Magistrate Judge properly recommended dismissal of the claim.

Next, with regard to Claim VIII against Tarnoff for his interference with the processing of Plaintiff's administrative claim, the Magistrate Judge noted that Plaintiff had no constitutional right to a grievance procedure. (Doc. 29 at 13). Given that Plaintiff's sole complaint against Tarnoff was the handling of his administrative grievance, the Magistrate Judge correctly recommended dismissal of Claim VIII.

Finally, with regard to Claim IX against Fernandez, Garcia, Morales, Robiana, Rodriguez and Tarnoff for their alleged conspiracy against Plaintiff, the Magistrate Judge noted that these Defendants displayed no conspiratorial intent to violate Plaintiff's rights. (Doc. 29 at 13-14). Specifically, Fernandez and Garcia merely acquiesced to Polanco's and Ray's use of the pepper spray. Id. at 14. Similarly, Morales acted alone against Plaintiff, and Robiana, Tarnoff, and Rodriguez committed no constitutional violation against Plaintiff whatsoever. Id.

Therefore, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), the Court has conducted a *de novo*

review of the case. Having carefully reviewed the entire file, the Court finds that the Magistrate Judge's Findings and Recommendations of dismissal of certain claims (Doc. 29) are supported by the record and by proper analysis.

## ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The Findings and Recommendations (Doc. 29) are **ADOPTED IN FULL**;
2. Claim II – California assault against Defendants Raya, Garcia, Polanco, and Fernandez is **DISMISSED without leave to amend;**
3. Claim IV – First Amendment retaliation against Defendants Garcia and Fernandez is **DISMISSED without leave to amend**;
4. Claims V and VI – Eighth Amendment failure to provide adequate medical care against Defendants Raya, Garcia, Polanco, Fernandez, Robiana, and Rodriguez are **DISMISSED without leave to amend;**
5. Claim VII – Fourteenth Amendment due process claim against Defendant Morales is **DISMISS without leave to amend**;
6. Claim VIII – interference with Plaintiff's administrative grievance claim against Defendant Tarnoff is **DISMISSED without leave to amend**; and
7. Claim IX – conspiracy against Defendants Fernandez, Garcia, Morales, Robiana, Rodriguez and Tarnoff is **DISMISSED without leave to amend.**

IT IS SO ORDERED.

Dated:   **September 12, 2013**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE