1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| DWAYNE L. BURGESS,<br><br>            Plaintiff,<br><br>    v.<br><br>RAYA, et al.,<br><br>            Defendants. | **Case No.  1:11-cv-00921-LJO-JLT (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS MOTION TO DISMISS PLAINTIFF'S STATE COURT CLAIMS AND REQUESTED DECLARATORY RELIEF**<br><br>**(Doc. 35)**<br><br>**30-DAY DEADLINE** |

## I.    FINDINGS

### A.    Procedural History

Plaintiff, Dwayne L. Burgess, is a state prisoner proceeding *pro* se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding on his claims against Defendants Raya, Garcia, Polanco, and Fernandez for battery under California law and excessive force in violation of the Eight Amendment and against Defendants Raya and Polanco under the additional claims of conspiracy and retaliation in violation of the First Amendment as stated in the Third Amended Complaint.  (Docs. 27, 29, 32.)

Pending before the Court is the motion filed by Defendants to dismiss Plaintiff's claims under California law based on his failure to comply with the California Tort Claims Act ("CTCA") and to dismiss Plaintiff's request for declaratory relief.  (Doc. 35.)

/ / /

**B.**    **California Tort Claims Act ("CTCA")**

    **1.**    **Standards**

Defendants move under Federal Rule of Civil Procedure 12(b) to dismiss Plaintiff's claims under California State Law due to his lack of compliance with the CTCA.   In resolving unenumerated Rule 12(b) motions, the Court may look beyond the pleadings and decide disputed issues of fact. *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

Under the CTCA, set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995).  The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974) (citations omitted).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004).

In state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).  Federal courts likewise must require compliance with the CTCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement.

*Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action."  Cal. Govt.Code § 911.2.  Should a claimant miss this deadline, the claimant may file a written application for leave to file a late claim, within a year after the accrual of the cause of action.  *Id*., § 911.4.  If the Board denies the application, the notice of denial must include a warning to the claimant that no court action may be brought on the claim unless the claimant first files a petition with the appropriate court requesting relief from the claim presentation requirement and obtains a court order granting such relief.  *Id*., § 911.8. Failure to obtain such relief bars any suit on the claim.  Further, an individual who files a claim pursuant to the CTCA is charged with knowledge of the applicable statute of limitations.  *See Hunter v. Los Angeles County*, 262 Cal.App.2d 820, 822, 69 Cal.Rptr. 288 (1968) ("once a claimant has filed his claim, he demonstrates familiarity with the statutory procedures governing his grievance and can reasonably be charged with knowledge of the time limitations that are part of that procedure").

## 2. <u>Discussion</u>

Plaintiff is proceeding against Defendants Raya, Garcia, Polanco, and Fernandez on a battery claim under California tort law regarding an incident that occurred on October 27, 2008. (*See* Doc. 27, 3AC, 3:9-20; Doc. 29, Screen F&R, 6:6-27.)  This battery claim is subject to the CTCA, with which Plaintiff alleged compliance sufficient to pass screening.  (*Id.*, at 5:21-6:5.) Defendants argue that Plaintiff failed to comply with the CTCA prior to filing this action so as to subject his battery claim to dismissal.  (Doc. 35, Ds' MTD, 5:4-7:17; Doc. 44, Ds' Reply, 1:25-3:4.)[1]

While Plaintiff may have attempted to comply with the CTCA, he has failed to show that he presented his claim and it was acted on, or rejected, by the VCGCB before he initiated this

---

[1]  Defendants initially argued that Plaintiff failed to present his claims to the VCGCB at all before filing this action. (Doc. 35, Ds' MTD.)  However, they modified their position (in reply to Plaintiff's opposition) to argue that, while Plaintiff may have presented his claims to the VCGCB prior to filing this action, his compliance was insufficient to have met the condition precedent for pursuing his claim in this action.  (Doc. 44, Ds' Reply, fn. 1.)

1  action. *Munoz*, 33 Cal.App.4th at 1776.  Plaintiff initiated this action on December 22, 2009

2  when he filed suit in California Superior Court.[2]  (Doc. 1, Remov. Not., Ex. A.)  Plaintiff did not

3  submit evidence reflecting the date that he submitted a claim form to the VCGCB.[3]  Defendants,

4  however, submitted copies of a VCGCB claim form and affidavit for waiver of the filing fee, both

5  of which reflect February 28, 2010 as the date of Plaintiff's signature and receipt by the VCGCB

6  on March 2, 2010.  (*See* Doc. 35-1, Ds' MTD Exhs, pp. 13-16.)  Both of these dates are after the

7  date that Plaintiff initiated this action -- December 22, 2009.

8          The only evidence of any efforts by Plaintiff to comply with the CTCA prior to the date

9  that he initiated this action is an application to proceed in forma pauperis, signed by Plaintiff on

10  January 16, 2009 and certified by prison staff on February 19, 2009, which Plaintiff asserts was

11  for filing with the VCGCB.  (Doc. 42, P's Opp., pp. 24-25.)  Even if given the benefit of utilizing

12  the date that he signed his application to proceed in forma pauperis as the date that he filed his

13  claim with the VCGCB, Plaintiff did not comply with the CTCA as it required that Plaintiff not

14  only file his claim with the VCGCB prior to initiating this action, but also that the VCGCB must

15  also have acted on, or rejected (actually or by lapse of time) Plaintiff's claim prior to initiation of

16  this action -- which did not happen.

17          The evidence of activities on Plaintiff's claim with the VCGCB shows that:  on March 15,

18  2010, the VCGCB determined that Plaintiff's claim was incomplete since tardy (Doc. 35-1, Ds'

19  MTD, pp. 19-20); on April 8, 2010, Plaintiff submitted a letter indicating that he thought his

20  claim was timely since he filed it within what he believed to be the requisite time-limit after he

21  was released from Administrative Segregation (*id.* at p. 21); on June 25, 2010, the VCGCB issued

22  a letter construing Plaintiff's letter as a request to present a late claim and referring it to the

23  affected State agency for review and recommendation (*id.* at p. 22); on August 5, 2010, the

24  VCGCB issued a letter recommending denial of Plaintiff's late claim application (*id.* at pp. 23-

25  24); and on September 23, 2010, the VCGCB issued a letter to Plaintiff that his application for

26  _____

[2] Defendants removed the action to this Court on May 9, 2012.

27  [3] While Plaintiff submitted two copies of VCGCB claim forms that he filled out and copies of an affidavit for waiver
of the filing fee, these forms reflect neither the date Plaintiff executed them, nor the date they were received by the

28  VCGCB.  (*See* Doc. 42, P's Opp, pp 30-32; Doc. 45, P's xtr cc of Exh. C, pp. 3-6.)

1  leave to present a late claim was denied (*id.* at p. 25).  All of these events occurred after Plaintiff

2  initiated this action.

3      Further, even if they occurred before Plaintiff initiated this action, the above events would

4  not suffice as compliance with the CTCA since there is no evidence that Plaintiff pursued an

5  action in state court and receive leave or excuse to remedy the tardiness of his initial filing with

6  the VCGCB.

7      Thus, Plaintiff's battery claim under California law against Defendants Raya, Fernandez,

8  Polanco, and Garcia should be dismissed with prejudice.

9      **C.    Declaratory Relief**

10     Defendants also seek dismissal of Plaintiff's request for declaratory relief.  (Doc. 35, Ds'

11  MTD, 7:18-8:6.)

12     "'A case or controversy exists justifying declaratory relief only when the challenged

13  government activity is not contingent, has not evaporated or disappeared, and, by its continuing

14  and brooding presence, casts what may well be a substantial adverse effect on the interests of the

15  petitioning parties.'"  *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Headwaters,*

16  *Inc. v. Bureau of Land Management, Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989) (internal

17  quotations and citation omitted)).  "Declaratory relief should be denied when it will neither serve

18  a useful purpose in clarifying and settling the legal relations in issue nor terminate the

19  proceedings and afford relief from the uncertainty and controversy faced by the parties."  *U.S. v.*

20  *State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted).  Plaintiff is proceeding on

21  his allegations that specific events in late 2008 and early 2009 amounted to a violation of his

22  constitutional rights.  If he prevails, Plaintiff's remedy is monetary damages.  Further, in the event

23  that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be

24  a finding that Plaintiff's constitutional rights were violated.  Thus, Plaintiff's declaratory relief

25  claim is properly dismissed.

26  **II.    RECOMMENDATIONS**

27     Accordingly, based on the above discussion, it is HERBY RECOMMENDED that

28  Defendants' motion to dismiss, filed December 20, 2013 (Doc. 35), be GRANTED and that:

(1)     Plaintiff's battery claim under California law against Defendants Raya, Fernandez, Polanco, and Garcia be DISMISSED with prejudice;

(2)     Plaintiff's request for declaratory relief be DISMISSED; and

(3)     the matter be referred back to the Magistrate Judge for further proceedings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**April 2, 2014**__                          _____**/s/ Jennifer L. Thurston**_
                                                                 UNITED STATES MAGISTRATE JUDGE