# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DWAYNE L. BURGESS,

        Plaintiff,

  v.

RAYA, et al.,

        Defendants.

Case No. 1:11-cv-00921-LJO-JLT (PC)

**ORDER SETTING BRIEFING SCHEDULE REGARDING WHETHER THE CASE IS BARRED BY *HECK v. HUMPHREY,* 512 U.S. 477 (1994) ADOPTING FINDINGS and HOLDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN ABEYANCE FOR DECISION ON THAT ISSUE**

**(Doc. 60)**

      Plaintiff, Dwayne L. Burgess, is a state prisoner proceeding *pro* se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, Dwayne L. Burgess, is a state prisoner proceeding *pro* se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on his claims against Defendants Raya, Garcia, Polanco, and Fernandez for excessive force in violation of the Eight Amendment and against Defendants Raya and Polanco under the additional claims of conspiracy and retaliation in violation of the First Amendment as stated in the Third Amended Complaint. (Docs. 29, 32, 49.) In the Third Amended Complaint, Plaintiff alleges that, based on the acts which infringed on his rights and upon which the above claims were found cognizable, he was issued a rules violation report that was decided against him and lost "90 days of both goodtime credits and privileges." (Doc. 27, at ¶43.)

      When a prisoner challenges the legality or duration of his custody, or raises a

constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.

The Third Amended Complaint does not contain any allegations to show that the disciplinary hearing, which Plaintiff alleges was based on the above incident upon which he is proceeding, has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. This issue was not raised in the motion for summary judgment that is currently pending. (*See* Doc. 60.) However, the Court has determined, *sua sponte*, that review of this issue under Rule 56 is necessary and appropriate. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010) (en banc) (district courts have power to review and may grant summary judgment *sua sponte*, subject to providing notice and opportunity to be heard).

Accordingly, it is HEREBY ORDERED that:

(1) **within 30 days** from the date of service of this order, Defendants must file a brief, in compliance with Rule 56, addressing the application of *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny to this action;

(2) **within 30 days** of the filing of Defendants' brief, Plaintiff must file an opposition or a statement of non-opposition;

(3) if Plaintiff files an opposition, **within 7 days** from the date Plaintiff's opposition is filed, Defendants must file a reply to his opposition;

(4) Defendants need not file a reply if Plaintiff files a statement of non-opposition; and

(5) Defendants' motion for summary judgment, filed on February 6, 2015 (Doc. 60),

1  is held in abeyance until this issue is resolved.

IT IS SO ORDERED.

Dated:   **July 14, 2015**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

3