# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE L. BURGESS,<br><br>Plaintiff,<br><br>v.<br><br>RAYA, et al.,<br><br>Defendants. | Case No.  1:11-cv-00921-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 60)**<br><br>**OBJECTIONS DUE WITHIN 30 DAYS** |

Plaintiff alleges that while incarcerated at Kern Valley State Prison, correctional officers locked him and a group of other inmates in a small rotunda while the officers searched their cells. Plaintiff contends that after he complained and requested the paperwork to submit a grievance over the incident, one officer then threw a "grenade canister" of O.C. pepper-spray into the rotunda.

Nevertheless, prison officials charged Plaintiff with "willful participation in an unlawful assembly."  The officers reported that Plaintiff refused to leave the rotunda area after officers ordered him to do so.  Plaintiff was found guilty of the offense and suffered the loss of 90-days credit.

Because Plaintiff has failed to demonstrate the "favorable termination" requirement imposed by *Heck v. Humphrey*, the Court recommends the motion for summary judgment be

1

1    **GRANTED**. [1]

2    **I.    Procedural History**

3       On February 6, 2015, Defendants Raya, Garcia, Polanco, and Fernandez filed a motion for

4    summary judgment.  (Doc. 60.)  The Court granted Plaintiff extensions of time to file his

5    opposition after which[2] Defendants replied. [3]  (Docs. 66, 68.)

6       However, a cursory review of the pleadings filed revealed that *Heck v. Humphrey*, 512

7    U.S. 477 (1994), *Edwards v. Balisok,* 520 U.S. 641, 643–647 (1997), and their progeny may

8    apply but the issue was  not raised in the dispositive motion.  Thus, the Court permitted the

9    parties to submit briefs on the issue. *Norse v. City of Santa Cruz,* 629 F.3d 966, 971-72 (9th Cir.

10   2010); Doc. 69.

11   **II.    Plaintiff's Third Amended Complaint[4]**

12      In his third amended complaint, Plaintiff alleged that, while incarcerated at Kern Valley

13   State Prison on October 27, 2008, personnel locked him and approximately 43 other inmates in a

14   small rotunda in a passage way between their cells and the dining hall while Defendants Raya and

15   Garcia searched their cells.  (Doc. 27 at 3 ¶¶ 10, 11).  The group contained Southern Hispanic and

16   African American inmates, who had a history of violence against each other.  (*Id*. at 3 ¶ 12.)

17   Consequently, Plaintiff requested that the control booth officer, Defendant Polanco, inform Raya

18   and Garcia that the inmates needed to be released from the rotunda so they could return to their

19   cells.  (*Id*.)  Defendant Polanco retorted that the group should "stop acting like a bunch of

20   babies."  (*Id*. at 3-4 at ¶ 13.)

21      Plaintiff claims that upon the return of Raya and Garcia to the rotunda area, numerous

22   inmates requested to speak with a sergeant.  (Doc. 27 at 4 ¶ 15).  Plaintiff requested that these

23   officers provide him with a CDCR Form 602 (an inmate grievance form) to enable him to

24        [1] Because the Court decides this matter on the *Heck/Edwards* issue, it declines to consider the other issues
25   raised in the motion.
         [2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the
     court in an order filed on March 11, 2015.  *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).
26        [3] All references to pagination of specific documents pertain to those as indicated on the upper right corners
     via the CM/ECF electronic court docketing system.
27        [4] This is a rendition of the factual allegations upon which Plaintiff's claims were found cognizable are
     presented here for overview purposes only.  Undisputed and disputed material facts are discussed where applicable in
28   the following sections.

1    complain about the rotunda situation.  (*Id*. at 4 ¶ 16.)  Raya angrily responded, "[Y]eah[,] we got

2    something for you paper-pushing mother-(expletive) – and for the rest of you mother-

3    (expletive)'s that wanna cry to the (expletive) sergeant too!"  (*Id*. at 4 ¶ 17.)

4         A few minutes later, Plaintiff alleged that Polanco opened the rotunda door and permitted

5    Officers Cruz and Gomez (not defendants in this action) to walk through the rotunda, which

6    occurred without incident.  (Doc. 27 at 4 ¶ 19.)  Cruz and Gomez then joined Defendants Raya

7    and Garcia who were standing in the "C-Section" doorway.   (*Id*.)  The four officers briefly spoke

8    in hushed tones with Polanco and Fernandez who were in the control booth.  (*Id*. at 5 ¶ 20.)  Cruz

9    and Gomez returned through the rotunda without any problems from the inmates.  (*Id*. at 5 ¶ 21.)

10        Without any warning, Polanco then threw a "grenade canister of O.C. T-16 pepper-spray"

11   into the rotunda.  (*Id*. at 5 ¶ 21.)  He simultaneously shouted "mother-(expletive)'s get down!"

12   (*Id*. at 5 ¶ 21.)  The rotunda filled with the pepper spray where Defendants forced the inmates to

13   remain for 12-15 minutes.  (*Id*. at 5 ¶¶ 21, 22.)  Meanwhile, Plaintiff pled with Raya, Garcia,

14   Fernandez and Polanco to remove him from the rotunda because "he was asthmatic and …

15   choking to death."  (*Id*. at 5 ¶ 23.)  Later that day, Plaintiff told KVSP medical staff that he had

16   "no comment" with regard to his medical condition because he feared retaliation from the

17   Defendants.  (*Id*. at 6 ¶ 26.)

18        Plaintiff received a CDC Form 115 Rules Violation Report ("RVR") for the October 27,

19   2008, incident, which was adjudicated on November 13, 2008 and upon which Officer Morales

20   (not a defendant in this action) found Plaintiff guilty -- resulting in a loss of "90-days of both

21   goodtime credits and privileges."  (*Id*. at 9 ¶ 40, 10 ¶ 43.)

22        On February 23 and February 25, 2009, Defendants Raya and Garcia again locked

23   Plaintiff and several other inmates in the rotunda to search their cells.  (*Id*. at 10 ¶ 46.)  Plaintiff

24   again indicated that he would file a CDCR Form 602 inmate grievance against them.  (*Id*. at 10 ¶

25   46.)  Defendants responded that "that (expletive) don't work, we run this mother-(expletive).

26   That 602 will never make it past screening.  Now take yo (sic) ass to your cell before you get

27   written up again!"  (*Id*. at 10 ¶ 46.)

28        Upon these facts, Plaintiff's claims:

3

1

2
     a.    Claim III – Eighth Amendment excessive use of force against Defendants Raya, Garcia, Polanco, and Fernandez;

3
     b.    Claim IV – First Amendment retaliation against Defendants Raya and Polanco; and

4

5
     c.    Claim IX – conspiracy against Defendants Polanco and Raya.

6
## II. Summary Judgment Standard

7
     Summary judgment is appropriate where there is "no genuine dispute as to any material

8
fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington*

9
*Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there

10
is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is

11
material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty*

12
*Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436

13
(9th Cir. 1987).  The Court determines only whether there is a genuine issue for trial and in doing

14
so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*,

15
611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

16
     In addition, Rule 56 allows a court to grant summary adjudication, or partial summary

17
judgment, when there is no genuine issue of material fact as to a particular claim or portion of that

18
claim.  Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir.

19
1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final

20
determination, even of a single claim . . .") (internal quotation marks and citation omitted).  The

21
standards that apply on a motion for summary judgment and a motion for summary adjudication

22
are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200

23
(S.D. Cal. 1998).

24
     Each party's position, whether it be that a fact is disputed or undisputed, must be

25
supported by (1) citing to particular parts of materials in the record, including but not limited to

26
depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not

27
establish the presence or absence of a genuine dispute or that the opposing party cannot produce

28
admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The

4

1   Court may consider other materials in the record not cited to by the parties, but it is not required

2   to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026,

3   1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir.

4   2010).

5          Defendants do not bear the burden of proof at trial and, in moving for summary judgment,

6   they need only prove an absence of evidence to support Plaintiff's case.  *In re Oracle Corp.*

7   *Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S.

8   317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts

9   to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  *In*

10   *re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323).  This requires Plaintiff

11   to "show more than the mere existence of a scintilla of evidence."  *Id.* (citing *Anderson v. Liberty*

12   *Lobby, Inc.,* 477 U.S. 242, 252 (1986)).  An issue of fact is genuine only if there is sufficient

13   evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it

14   "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248; *Wool*

15   *v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

16          In judging the evidence at the summary judgment stage, the Court may not make

17   credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509

18   F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all

19   inferences in the light most favorable to the nonmoving party and determine whether a genuine

20   issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v.*

21   *City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted),

22   *cert. denied*, 132 S.Ct. 1566 (2012).  Inferences, however, are not drawn out of the air; the

23   nonmoving party must produce a factual predicate from which the inference may reasonably be

24   drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

25   *aff'd*, 810 F.2d 898 (9th Cir. 1987).

26          Further "[a] verified complaint may be treated as an affidavit to oppose summary

27   judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts

28   admissible in evidence.'"  *Keenan v. Hall*, 83 F.3d 1083, 1090 n. 1 (9th Cir. 1996) (quoting

1  *McElyea v. Babbitt*, 833 F.2d 196, 197-98 n. 1 (9th Cir. 1987) (per curiam)), *amended by* 135

2  F.3d 1318 (9th Cir. 1998); *see also Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004); *Lopez*

3  *v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc); *Schroeder v. MacDonald*, 55 F.3d

4  454, 460 (9th Cir. 1995); *Lew*, 754 F.2d at 1423.  If Plaintiff states that the facts in the complaint

5  are true under penalty of perjury, the pleading is "verified."  *Schroeder*, 55 F.3d at 460 n. 10.

6  **IV.**   ***Heck/Edwards* Bar**

7     **A.  Legal Standard**

8      The United States Supreme Court has determined that an inmate may not bring an action

9  under § 1983 if its success would release the claimant from confinement or shorten its duration,

10  *Preiser v, Ridrugyez*, 411 U.S. 475, 500 (1973), or would necessarily imply the invalidity of the

11  conviction or sentence, *Heck*, 512 U.S. at 487.  Where the plaintiff's success on a § 1983 action

12  would necessarily imply the invalidity of his underlying conviction or sentence, he must first

13  "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

14  order, declared invalid by a state tribunal authorized to make such determination, or called into

15  question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck* at 487-

16  88.  This "favorable termination" requirement has been extended to actions under § 1983 that, if

17  successful, would imply the invalidity of prison administrative decisions which result in a

18  forfeiture of good-time credits.  *Edwards,* 520 U.S. at 643–647.

19      However, these cases do not wholly prohibit an inmate from challenging actions related to

20  prison disciplinary proceedings.  The Ninth Circuit has explained,

21
22      In *Heck*, the Supreme Court ruled that an inmate may not seek damages in a §
        1983 claim when establishing the basis for the claim necessarily involves
        demonstrating that the conviction, sentence, or length of incarceration is invalid.
23      512 U.S. at 480-82, 114 S.Ct. 2364; *see also Edwards v. Balisok*, 520 U.S. 641,
        643-47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (extending *Heck* rule to § 1983
24      claims that, if successful, would imply the invalidity of deprivations of good-time
        credits provided for by prison disciplinary proceedings).  But the Supreme Court
25      has clarified that *Heck* does not bar a § 1983 claim that "threatens no consequence
        for [an inmate's] conviction or the duration of [his or her sentence.]"  *Muhammad*
26      *v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).  We have also
        held that application of *Heck* "turns solely on whether a successful § 1983 action
27      would necessarily render invalid a conviction, sentence, or administrative sanction
        that affected the length of the prisoner's confinement."  *Ramirez v. Galaza*, 334
        F.3d 850, 856 (9th Cir.2003).
28

6

1   *Wilkerson v. Wheeler*, 772 F.3d 834, 840 (9th Cir. 2014).  Further, "[a] prisoner who seeks

2   damages only for being subjected to unconstitutional procedures, without implying the invalidity

3   of (or seeking damages for) the resulting loss of good-time credits, may proceed under § 1983

4   without first invalidating his disciplinary proceeding."  *Nonnette v. Small*, 316 F.3d 872, 875 n. 3

5   (9th Cir. 2002) citing *Heck*, 512 U.S. at 482-83 (discussing *Wolff v. McDonnell*, 418 U.S. 539,

6   553-54 (1974)); *Edwards*, 520 U.S. at 645-46).  Thus, an inmate may bring an action under §

7   1983 challenging a loss of good-time credits as a result of prison administrative or disciplinary

8   procedures on a decision which has not previously been terminated in his favor, where a finding

9   in his favor will neither impact the length of his confinement, nor implicate the validity of the

10   challenged decision.

11       Subsequently, in *Ramirez*, the Ninth Circuit specifically considered the evolution of *Heck*

12   and its implications and noted, "nothing in *Preiser*, *Heck*, or *Edwards* holds that prisoners

13   challenging the conditions of their confinement are automatically barred from bringing suit under

14   § 1983 without first obtaining a writ of habeas corpus.  **Rather, the applicability of the**

15   **favorable termination rule turns solely on whether a successful § 1983 action would**

16   **necessarily render invalid a conviction, sentence, or administrative sanction that affected**

17   **the length of the prisoner's confinement**."  *Ramirez*, 334 F.3d at 856-58 (emphasis added).

18   Thus, for an inmate to proceed on a § 1983 action related to a disciplinary proceeding which

19   resulted in a loss of credits, the relief sought by the civil action must be separable from the

20   underlying disciplinary action.

21       **B. Analysis**

22       As stated above, Plaintiff's claims in this action are based on an incident that occurred on

23   October 27, 2008 when he and a number of other inmates were confined in a small rotunda in a

24   passage-way between their cells and the dining hall while their cells were searched.  Plaintiff

25   theorizes that O.C. pepper spray was deployed when he asked for an inmate grievance and others

26   asked to speak to a sergeant.

27       Defendants present evidence that the RVR of which Plaintiff was convicted related to the

28   incident, found that the inmates refused to disperse to their cells when ordered to do so.   (Doc.

70-1, pp. 4, 6, 10-12.)    Though Defendants admit deploying O.C. pepper spray into the group of inmates, they assert that this was necessary to regain control. *Id.* As a result of the guilty finding of Willful Participation in an Unlawful Assembly, Plaintiff suffered a loss of privileges and a forfeiture of 90 days of good time credits. *Id.* Defendants also present evidence that Plaintiff has not challenged the findings of this RVR and it has not been reversed, expunged, or invalidated in any way. (Doc. 70-1, Cervantes Decl., ¶ 5.) Defendants argue that Plaintiff's version of events that led up to the issuance of the RVR and its finding against him are diametrically opposed to the version of events adopted and found to be true during the prison rules violation hearing. (Doc. 70, 3:22-4:5.) In this way, they argue that if this § 1983 action is allowed to proceed and Plaintiff is successful, this would impugn the disciplinary decision which caused Plaintiff to lose credits. Thus, Defendants have met their burden of demonstrating an absence of genuine dispute of material fact, which shifts the burden to Plaintiff. *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323).

In opposition, Plaintiff argues that he had pre-existing asthma and bronchitis and that Defendants maliciously and sadistically left him exposed to the chemical agents for an extended period of time in retaliation for his attempt to exercise his constitutional rights. (Doc. 71, p.1.) He adds further that Defendants filed trumped up reports to justify their use of force. *Id.* Plaintiff asserts that he received the maximum allowable penalty, but that the Defendants got off "scott-free" though he had been told they had been reprimanded. (*Id.*, at p.2.) Plaintiff also argues that the inmate appeal he filed regarding being held in the rotunda has gone missing and that his second inmate appeal was not processed. (*Id.*)

Though Plaintiff argues that he is not requesting restoration of his good time credits nor challenging the RVR finding, he admits that the RVR has not been reversed, expunged, invalidated or impugned via habeas corpus. (Doc. 71 at pp. 3-4.) Plaintiff argues that this action is not *Heck*-barred since the only cause of action that challenged the RVR findings (against former Defendant Morales) has been dismissed. (*Id.*, at pp. 4-5.) Likewise, Plaintiff argues that this action is not barred since his disciplinary conviction is distinct from his excessive force, retaliation, and conspiracy claims. (*Id.*, at pp. 5-8.)

The claims that Plaintiff is proceeding on in this action (excessive force, retaliation, and conspiracy) are inextricably intertwined with the events that led up to the issuance of the RVR under which he was found guilty and forfeited good credits.   If Plaintiff's version of events is accepted (that he and others were held in the rotunda into which an O.C. grenade canister was deployed because requests were made to speak to a sergeant as to why they were being held there and Plaintiff requested an inmate grievance) the RVR would be completely invalidated since it found that all but one inmate refused to return to their cells, that an inmate (other than Plaintiff) began acting aggressively towards an officer, and that O.C. had to be deployed to dispel a potentially volatile situation.  Plaintiff's claims are not separable from the underlying disciplinary action and none survive without its wholesale disposal.  This action falls under the favorable termination rule and is barred since Plaintiff has not challenged nor invalidated the disciplinary finding in any way.

**VII.   Conclusions and Recommendations**

As set forth herein, this Court finds that Defendants have met their burden and their motion for summary judgment should be granted.

Accordingly, the Court **RECOMMENDS**:

(1)   that Defendants J. Fernandez, J. Garcia, E. Polanco, and J. Raya are entitled to judgment as a matter of law such that their Motion for Summary Judgment, filed on February 6, 2015 (Doc. 60), should be GRANTED; and

(2)   that the Clerk of the Court be directed to enter judgment against Plaintiff and for Defendants J. Fernandez, J. Garcia, E. Polanco, and J. Raya, and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

1   839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

2

3   IT IS SO ORDERED.

4        Dated:   **September 25, 2015**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28