# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE L. BURGESS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RAYA, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-00921-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S EIGHT AMENDMENT CLAIM FOR FAILURE TO EXHAUST**<br><br>**(Doc. 60)**<br><br>**TWENTY-ONE DAY DEADLINE** |

## **BACKGROUND**

Plaintiff initially proceeded in this action on his claims against Defendants Raya, Garcia, Polanco, and Fernandez for excessive force in violation of the Eight Amendment and against Defendants Raya and Polanco under the additional claims of conspiracy and retaliation in violation of the First Amendment stated in the Third Amended Complaint.[1] (Docs. 29, 32, 49.) Defendants were granted summary judgment as Plaintiff's claims were found barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), *Edwards v. Balisok,* 520 U.S. 641, 643-647 (1997) since Plaintiff had neither challenged nor invalidated the disciplinary finding prior to filing suit. (Docs. 73, 75.)

---

[1] Though titled "Second Amended Complaint," the operative pleading is actually Plaintiff's Third Amended Complaint as he had previously filed both First and Second Amended Complaints. (*See* Docs. 1, 11, 21, 27.)

1

On appeal, the Ninth Circuit found that, "to the extent Burgess alleged he was exposed to pepper spray for a prolonged period of time despite alerting defendants to his health issues," he is not barred by *Heck* and remanded for further proceedings on that claim only. (Doc. 82, p. 3.) The parties were directed to file statements indicating whether discovery should be reopened solely on this claim and why, whether a new deadline for dispositive motions on this claim should be permitted, and whether they were prepared to engage in a settlement conference. (Doc. 83.)

Plaintiff filed a response requesting either settlement conference or that trial be set and that, due to the age of the case, "it would be a waste of time and judicial resources to reopen discovery on a (sic) issue that is basically moot." (Doc. 93.) Defendants responded with a request that the Court adjudicate their original motion for summary judgment which raised the issues of Plaintiff's failure to properly exhaust his administrative remedies, that Plaintiff failed to present a genuine dispute of material fact that Defendants utilized excessive force against him, and that Defendants are entitled to qualified immunity -- none of which were considered by this Court, or the Ninth Circuit on appeal since *Heck* was previously found dispositive.

The issues raised in Defendants' motion for summary judgment which were not previously considered are still within this Court's jurisdiction. *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016). In Defendants' motion for summary judgment, the parties fully briefed Plaintiff's exhaustion efforts as they pertained to his claim of prolonged exposure to pepper spray after the incident was quelled. No further briefing is required. For the reasons discussed below, the Court finds that Plaintiff did not exhaust his claim relating to prolonged exposure to pepper spray and that Defendants' motion for summary judgment thereon, should be **GRANTED**.

## FINDINGS

**A.    Legal Standards**

    **1.    Summary Judgment Standard**

Any party may move for summary judgment, which the Court shall grant, if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); *Washington Mut. Inc. v. U.S.*,

636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The failure to exhaust is an affirmative defense which the defendants bear the burden of raising and proving on summary judgment. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910 (2007); *Albino*, 747 F.3d at 1166. The defense must produce evidence proving the failure to exhaust and summary judgment under Rule 56 is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

**2. Statutory Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust available administrative remedies prior to filing suit. *Jones*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002), regardless of the relief both sought by the prisoner and offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

On summary judgment, Defendants must first prove that there was an available administrative remedy which Plaintiff did not exhaust prior to filing suit. *Williams v. Paramo*,

775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172). If Defendants carry their burden of proof, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Williams*, at 1166. The action should then be dismissed without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### 3. Summary of CDCR's Applicable Grievance Process

The California Department of Corrections and Rehabilitation has a generally available administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy that has an adverse effect on prisoners' welfare, Cal. Code Regs., tit. 15, § 3084.1, and compliance with section 1997e(a) requires California state prisoners to use that process to exhaust their claims, *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010). The Title 15 regulations governing CDCR's inmate appeals process were amended in 2011, but Plaintiff's claims arise from events which occurred during 2008 and 2009 and the relevant regulations are those which were in effect during that time period. Therefore, the citations to Title 15 set forth herein are those pre-amendment regulations in effect prior to December 13, 2010.

During the relevant time period, the appeals process was initiated by submitting a CDC Form 602 describing "the problem and action requested." Cal. Code Regs., tit. 15, § 3084.2(a) (West 2009). Up to four levels of appeal could be involved which included: an informal level; first formal level; second formal level; and third formal level -- also known as the Director's Level. Tit. 15, § 3084.5.

**B. Exhaustion per 42 U.S.C. § 1997e(a)[2]**

Defendants assert that Plaintiff did not exhaust available administrative remedies on his

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper-right corners via the CM/ECF electronic court docketing system.

4

claim of prolonged exposure to pepper spray subsequent to the events in the rotunda on October 27, 2008 (Doc. 60); while Plaintiff contends the he did, (Doc. 66). Plaintiff and Defendants agree that Plaintiff's only inmate appeal applicable to this incident is Appeal Log # KVSP-0-09-0258 (hereinafter "IA #09-0258") and that he pursued it through all available levels of review. (Doc. 60, pp. 14-15; Doc. 60-2, pp. 4-20; Doc. 66, pp. 7, 9-11.) Plaintiff's allegations on this issue must be compared to those stated in IA #09-0258 to assess whether it provided sufficient information on this claim to prison officials.

### 1. Plaintiff's Claim

The Ninth Circuit remanded this action for further proceedings on Plaintiff's claim of being "exposed to pepper spray for a prolonged period of time despite alerting defendants to his health issues." (Doc. 82, p. 3.) On this issue, Plaintiff alleged that he was had a documented history of asthma as well as bronchitis and that after the OC T-16 canister was detonated, Defendants ignored his pleas to be removed from the rotunda. (Doc. 27, TAC, pp. 5-6.) Because of being ignored, Plaintiff allegedly was one of the last three inmates to be removed from the area which meant that he was held in the "chemical-agent-filled (sic) rotunda" for 12-15 minutes. (*Id.*)

### 2. IA #09-0258

Plaintiff initiated IA #09-0258 on December 30, 2008[3]. (Doc. 60, pp. 18-20; Doc. 66, p. 7.) Plaintiff pursued it through the Third/Director's Level which issued its decision on June 25, 2009. (Doc. 60, pp. 13-14; Doc. 66, p. 7.)

Plaintiff's initial description of the problem in this appeal complained that he had been wrongly found guilty of a false RVR for willful participation in an unlawful assembly; that his safety and security were jeopardized because he was kept in a rotunda with 43 other inmates; that the correctional staff involved in the incident conspired to commit and/or committed assault and

---

[3] Notably, the event occurred on November 13, 2008 but the grievance was not filed until December 30, 2008, more than 45 days later. Plaintiff was obligated to submit any grievance related to the events on November 13, 2008 within 30 days. 15 CCR § 3084.8(b). Thus, the grievance, if it was intended to assert claims related to exposure to the pepper spray, was required to be filed by December 13, 2008. Even assuming the plaintiff was granted until December 15, 2008 (because the 13th fell on a Saturday), his grievance filed on December 30, 2008—if he truly was attempting to challenge the effects of the exposure to the pepper spray—was woefully late. However, because the grievance gave no indication that it sought to challenge anything other than the determination on the rules violation report, the prison officials had no reason to address the timeliness of the appeal.

battery; and that his due process rights were violated when he was denied a witness and his written statement was rejected at the hearing on the RVR. (Doc. 60-2, pp. 18, 20.) Plaintiff requested that the RVR either be "re-issued/reheard and dismissed," or that it be "reduced to disobeying a direct order because that is consistent w/all C/O's reports." (*Id.*, p. 18.) He did not claim that exposure to the pepper spray caused him any difficulty due to a breathing condition— including asthma—or for any other reason. (*Id.*, pp. 18-20.) The informal and first formal levels on this appeal were bypassed. (*Id.*) The Second Level Response, which issued on March 24, 2009, addressed only the issues raised in the grievance. (Doc. 60-2, pp. 15-17.) It had no occasion to discuss that Plaintiff complained that correctional staff ignored his requests to be removed from the rotunda because he had asthma and/or breathing problems because Plaintiff did not raise these claims. (*Id.*, pp. 18-20.)

Plaintiff's submission to the Director's Level Review complained that the SHO's findings were based on an inaccurate finding that 1.) the inmates refused to leave the rotunda when, according to Plaintiff, the guards actually locked them in the rotunda; and, 2.) the imates were wrongly found to have disobeyed a direct order because no such order was given. (Doc. 60-2, p. 19.) Plaintiff's request for a Director's Level Review did not mention prolonged exposure to pepper-spray, that he informed correctional staff that he was asthmatic and/or had breathing problems, or that any such claim had been left out of the Second Level Response. (*Id.*) Once again, the Director's Level Appeal Decision did not mention claims that Plaintiff had suffered as a result of being subjected to pepper-spray or that Plaintiff had informed correctional staff of breathing conditions made worse by the pepper spray because he had not made these claims. (Doc. 60-2, pp. 13-14.)

The exhaustion requirement was enacted "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25; *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014); *McKinney v. Carey*, 311 F.3d 1198, 1200-1201 (9th Cir. 2002) (per curiam). Prisoners are required to "use all the steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117,

1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, . . . ." *Griffin*, 557 F.3d at 1120. To this end, in 2008 and 2009, an inmate appeal sufficed "to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." *Sapp*, 623 F.3d at 824 (citing *Griffin*, 557 F.3d at 1120) (internal quotation marks omitted). Thus, an inmate was not required to itemize every claim against every correctional staff involved, but needed to give prison staff sufficient information upon which to investigate an issue.

Plaintiff pursued IA #09-0258 to the Director's Level which exhausted all issues therein for purposes of 42 U.S.C. § 1997e(a). However, this appeal contains no mention whatsoever of Plaintiff's claim that he suffered as a result of the pepper spray, that he informed correctional staff that he had asthma and bronchitis or that officials ignored his pleas to be removed from the rotunda due to the effects of the pepper spray. Thus, IA #09-0258 did not give prison officials adequate notice of this claim and did not suffice to exhaust available administrative remedies on this issue. Viewing the undisputed evidence in the light most favorable to Plaintiff shows a failure to exhaust. *Williams*, 775 F.3d at 1166. Thus, Defendants are entitled to summary judgment on Plaintiff's claim of being exposed to pepper spray for a prolonged period of time despite alerting Defendants that it was adversely affecting his asthma and bronchitis.

## **RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that Defendants' motion for summary judgment, filed on February 6, 2015 (Doc. 60), be **GRANTED,** that the action be **DISMISSED** and that Plaintiff's pending motion for referral to VDRP (Doc. 99) be disregarded as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson*, 772

F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 28, 2017**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE